UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

JERMAN WHEELER,

    Plaintiff,

v.

STEPHEN SCOTT,

    Defendant.

_____/

**DEFENDANT STEPHEN SCOTT'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** Defendant STEPHEN SCOTT, by and through his undersigned counsel, and hereby files and serves this Notice of Removal of the civil action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-010414, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal, states as follows:

    *A.  Background*

Plaintiff Jerman Wheeler brings this action after allegedly being injured in a motor vehicle accident on or about February 15, 2022.  Plaintiff claims Defendant Scott allegedly negligently and carelessly operated and/or maintained his motor vehicle so as to allegedly collide with the motor vehicle driven by Plaintiff.  He further claims that as a result of the alleged collision, Plaintiff allegedly sustained serious and permanent injuries.  *See* Cmplt., ¶¶ 6–9, attached as Exhibit "1".  Plaintiff further claims that at all times material to this action, Plaintiff is a natural person residing in

1

Orange County, Florida, and Defendant Scott is a natural person residing in New Hampshire. *Id.* ¶¶ 2, 3.

On or about March 23, 2023, Plaintiff filed a civil action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-010414, in which STEPHEN SCOTT is named as the sole Defendant. Copies of the Compliant filed in state court, along with accompanying exhibits, all other process, pleadings, orders, or other papers or exhibits of every kind that were filed in the state court, are attached hereto as composite Exhibits "1" through "4". In his Complaint, Plaintiff asserts a single count of Florida common law negligence against Defendant Scott. Defendant Scott now removes this action to the United States District Court for the Middle District of Florida, Orlando Division, based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### B.   *Removal Generally*

Removal of cases from state courts to federal courts is governed in part by 28 U.S.C. § 1441, which states in pertinent part as follows:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one over which the United States District Court for the Middle District of Florida, Orlando Division, would have original jurisdiction, this case may properly be removed pursuant to 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In the instant case, Defendant Scott has filed a Notice which complies with 28 U.S.C. § 1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, Defendant Scott has filed with this Court a copy of all process, pleadings, orders or other papers which have been filed in the state-court action.

### C.   *Federal Jurisdiction*

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Both the diversity-of-citizenship and amount-in-controversy requirements are satisfied in this case.

#### 1.   Diversity of Citizenship

Complete diversity requires that every plaintiff have diverse citizenship from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Federal courts have explained that citizenship of an individual, for purposes of diversity jurisdiction, is determined by his or her domicile, which is the place of the person's "'true, fixed, and permanent home and principal establishment . . . to which

3

he has the intention of returning whenever he is absent therefrom.'" *BGX E-Health LLC v. Darren Neil Masters*, No. 6:21-cv-1022-WWB-LHP, 2022 WL 9964905, at *3 (M.D. Fla. Oct. 17, 2022) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2022)).

Here, in the Complaint, Plaintiff explicitly alleges that at all times material to this action, he is a natural person residing in Orange County, Florida, and that Defendant Scott is a natural person residing in New Hampshire. *See* Exh. "1", ¶¶ 2, 3. However, courts within this Circuit have found that allegations of residence, standing alone, are insufficient to establish domicile. *See, e.g.*, *Raslavich v. Albee Baby Carriage Co., Inc.*, No. 8:22-cv-2207-CEH-MRM, 2022 WL 6698826, at *2 (M.D. Fla. Oct. 11, 2022) (explaining the difference between domicile and residence for purposes of diversity jurisdiction). Instead, the removing party must establish a person's intent to remain in his state of residence. Such is often demonstrated by the homestead exemption, voter registration, driver's licenses, and automobile registration. *See, e.g.*, *Eubanks v. Progressive Am. Ins. Co.*, No. 6:22-cv-1672-RBD-DCI, Doc. 6 (M.D. Fla. Sept. 20, 2022) (order to show cause by District Judge Dalton, collecting cases and identifying evidence that may be used to demonstrate domicile for purposes of diversity jurisdiction); *BGX E-Health LLC*, 2022 WL 9964905, at *3 (collecting cases and identifying materials that courts may consider to determine domicile); *Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011) (recognizing the Florida homestead exemption as evidence

of domicile); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016) (identifying factors frequently taken into account when determining an individual's domicile). Here, Defendant Myers submits evidence with this Notice to establish that he is domiciled in Georgia while plaintiff is domiciled in Florida.

First, regarding Defendant Scott, with his Answer and Affirmative Defenses filed in this action, he admitted that he is a resident of New Hampshire. *See* Exh. "2" at ¶ 2. Furthermore, he currently holds a New Hampshire driver's license, which lists his address as being in Claremont, NH. *See* Exh. "5". Likewise, the police report from the alleged incident lists Defendant Scott as holding a New Hampshire driver's license and as having a New Hampshire address. *See* Exh. "6" at 3. Thus, Defendant Scott is domiciled, and a citizen of, the State of New Hampshire.

Second, regarding Plaintiff Jerman Wheeler, the police report from the alleged incident lists Plaintiff as holding a Florida driver's license. It also lists a current address for Plaintiff in Deltona, FL. *Id.* at 5. It also lists a vehicle owned by Plaintiff as registered in Florida. *Id.* at 4. Based on the above, as well as Plaintiff's allegation that he resides in Orange County, Florida, Plaintiff is domiciled in Florida for purposes of diversity jurisdiction.[1]

---

[1] Should the Court require further proof of Plaintiff's domicile, such as a copy of Plaintiff's three-year driving history from the State of Florida, or sworn testimony or admissions by the Plaintiff establishing his domicile, Defendant respectfully requests the opportunity to engage in limited jurisdictional discovery, so as to obtain Plaintiff's three-year driving history from the State of Florida and/or to obtain an admission from Plaintiff or sworn testimony from Plaintiff in support of his Florida domicile.

Since Plaintiff is a citizen of Florida, and Defendant Scott is a citizen of New Hampshire, complete diversity of citizenship exists between Plaintiff and Defendant; therefore, § 1332's diversity-of-citizenship requirement is satisfied in this case.

  2.  <u>Amount in Controversy</u>

In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). When the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy" and "may consider facts alleged in the [complaint or] notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).

In this case, Plaintiff alleges that he has brought an action for damages in excess of $50,000 exclusive of interest, court costs, and attorney's fees. *See* Exh. "1", ¶ 1.

Therefore, the burden shifts to the removing defendant to demonstrate that the amount in controversy in this case more likely than not exceeds $75,000.

Here, prior to filing suit, Plaintiff's counsel provided Defendant with a presuit demand, which included medical records and medical bills for treatment for injuries allegedly incurred as a result of the accident. The demand itself requested payment of $500,000.00 to settle this case. *See* Exh. "7" at 1. The medical records provided by Plaintiff's counsel indicate that on or about February 14, 2023, Plaintiff underwent an anterior cervical discectomy and fusion over the C4–C5 discs. *See* Exh. "8" at 1. Plaintiff's counsel provided medical bills purportedly from Plaintiff's treatment with Gulcoast Spine Institute and BioSpine Orlando, which showed a total account balance of $74,930.69 and $86,315.24, respectively. *Id.* at 2–3.[2]

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.,* 268 F. App'x 864, 866 (11th Cir. 2008); *Short v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-839-Orl-28, 2013 WL 5550789, at *2 (M.D. Fla. Sept. 23, 2013); *Fischer v. State Farm Mut. Auto. Ins. Co.,* No. 10–14124–CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Courts have found demand letters to be "'legally certain

---

[2] With his presuit demand, Plaintiff's counsel also provided other additional medical and billing records for treatment which Plaintiff claims is the result of the alleged incident. Defendant has omitted these materials from this filing so as to avoid the filing of unnecessary and sensitive information. However, should the Court require same for purposes of establishing the "amount-in-controversy" requirement, Defendant requests leave to supplement this Notice with such materials.

evidence'" that the amount in controversy meets federal jurisdictional requirements. *Bowen v. State Farm Mut. Auto. Ins. Co.,* No. 6:10–cv–144–Orl–19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting *Lazo v. U.S. Airways, Inc.,* No. 08–80391–CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)).

For example, in *Katz v. J.C. Penney Corp.*, No. 09-60067, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009), the plaintiffs had sought $58,995.78 for past medical expenses in their pre-suit demand package, leaving a balance of $16,004.02 to meet the $75,000 jurisdictional amount. The Southern District of Florida found as follows: "Taking into account that the balance represents less than one half of the Plaintiff's own estimate of $39,800 in future medical costs and Plaintiff seeks additional damages for pain and suffering, this Court concludes that Defendant has established by a preponderance of the evidence that the jurisdictional amount has been satisfied."

Here, the medical records presented by Plaintiff for past medical expenses show balances that exceed the $75,000.00 jurisdictional amount. Given this and given that Plaintiff's Complaint also claims alleged damages such as pain, suffering, mental anguish, and future expenses of medical care, § 1332's amount-in-controversy requirement is satisfied in this case.

For the reasons stated above, both the diversity-of-citizenship and amount-in-controversy requirements contained in § 1332 are satisfied. Consequently, this Court has original jurisdiction over this entire civil action.

### D. Venue

28 U.S.C. § 1441(a) provides that a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed this case—and it is currently pending in—the Circuit Court of the of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-010414. The Middle District of Florida and the Orlando Division of the United States District Court for the Middle District of Florida embrace Orange County, Florida. *See* 28 U.S.C. § 89(b); M.D. Fla. Local R. 1.04(a), (b). Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Orlando Division.

### E. Timeliness of Removal

28 U.S.C. § 1446(b) requires that a Notice of Removal in a civil action or proceedings shall be filed within thirty (30) days after receipt by defendant(s), through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Here, the Complaint was served on Defendant Scott on April 3, 2023. Plaintiff's Complaint is the first pleading properly served on any defendant. Therefore, removal is timely.

### F. Unanimous Consent to Removal

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant Scott consents to this

9

removal, and since Defendant Scott is the only Defendant, consent to removal is unanimous.

### G. *Conclusion*

WHEREFORE, for the grounds set forth above, Defendant STEPHEN SCOTT respectfully requests that the entire civil action now pending before the Circuit Court of the of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-010414, *Jerman Wheeler v. Stephen Scott*, be removed to the United States District Court of the Middle District of Florida, Orlando Division.

Respectfully submitted this 3rd day of May, 2023.

LAW OFFICE OF JACK D. EVANS

/s/ JOHN JANOUSEK, ESQ.

John Janousek, Esquire
Fla. Bar No. 98599
2420 Lakemont Avenue, Suite 125
Orlando, Florida 32814
Telephone: (407) 388-2916
Facsimile: (855) 203-0311
Attorney for Defendant
JJanouse@travelers.com
JDeorlan@travelers.com
JKJoseph@travelers.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system on this 3rd day of May, 2023, which shall serve a copy of the foregoing to all counsel of record. Additionally, I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served by e-mail to counsel for Plaintiff, Ethan M. Kim, Esq., Dan Newlin Injury Attorneys, 7335 W. Sand Lake Road, Suite 300 Orlando, FL 32819, at kim.pleadings@newlinlaw.com; heather.hughes@newlinlaw.com; danika.plotkin@newlinlaw.com; and ethan.kim@newlinlaw.com, on this 3rd day of May, 2023.

LAW OFFICE OF JACK D. EVANS

/s/ JOHN JANOUSEK, ESQ.
_____

John Janousek, Esquire
Fla. Bar No. 98599
2420 Lakemont Avenue, Suite 125
Orlando, Florida 32814
Telephone:   (407) 388-2916
Facsimile:   (855) 203-0311
Attorney for Defendant
JJanouse@travelers.com
JDeorlan@travelers.com
JKJoseph@travelers.com